Rossie Lee HALL, Defendant-Appellant,

v.

UNITED STATES of America,
Plaintiff-Appellee.

No. 12919.

United States Court of Appeals
Seventh Circuit.

June 22, 1960.

Evan A. McLinn, New Albany, Ind.,
for appellant.

Don A. Tabbert, U. S. Atty., James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This appeal involves the validity of a search warrant which, in turn, depends upon the sufficiency of the affidavit upon which the search warrant was based.

Defendant was found guilty of three counts in an indictment. In Count I, defendant was charged with having in his possession and custody and under his control, an unregistered still and apparatus, in violation of §§ 5174 and 5601, Internal Revenue Code of 1954, 26 U.S.C. §§ 5174, 5601. In Count II, he was charged with unlawfully making mash fit for distillation on premises other than a distillery duly authorized by law in violation of §§ 5216(a) and 5608, Internal Revenue Code of 1954, 26 U.S.C.A. §§ 5216(a), 5608; and, in Count III, defendant was charged with resisting and interfering with agent Clyde T. Rea while Rea was engaged in the performance of his official duties as a special investigator of the Alcohol & Tobacco Tax Unit, United States Treasury Department, Internal Revenue Service, in violation of 18 U.S.C. § 111.

Defendant moved to quash the search warrant and for a return of the property, and to suppress the evidence. The District Court refused to quash the search warrant, and permitted use of evidence and information obtained by reason of the search made pursuant to the search warrant. The District Court also denied defendant's motions for a judgment of acquittal.

Special Investigator Clyde T. Rea appeared before a United States Court Commissioner seeking a search warrant for the premises occupied by the defendant. He filed an affidavit which read in part:

"On January 10, 1959, at 7:30 p. m., Investigators Guernsey, Kafoglis, Stocking and Rea followed

a 1957 Ford Sedan, away from the Hall premises and noted that the car was from Jefferson County, Kentucky and was occupied by three colored individuals and searched it and found therein 400 pounds of sugar. The owner and driver, Mary Peoples stated that she had taken the sugar to the Hall premises to leave it there but Hall told her to take it away as his place was too hot. The investigators then set up surveillance near the Hall premises for 2 hours and all during the time noted the odors of fermenting mash coming directly from the Hall house and buildings."

The affidavit also described the exact location of the Rossie Lee Hall farm, and referred to a white, two-story frame house located thereon. Affiant stated he had good reason to believe there was concealed on said property, distilled spirits upon which the tax had not been paid, fermenting mash fit for distillation and an illicit distillery.

Defendant urges that the search and seizure herein violated his rights under the Fourth Amendment, United States Constitution, and that the use of the evidence and information obtained by virtue of the search, violated his rights under the Fifth Amendment.

 The Fourth Amendment provides that warrants shall issue only upon probable cause, supported by an oath particularly describing the place to be searched and the things to be seized. It is unreasonable searches and seizures that are prohibited by the Fourth Amendment. United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653. Of course, if evidence obtained by an unreasonable search and seizure is used against a defendant upon a trial, such use would be a violation of the self-incrimination clause of the Fifth Amendment. Marron v. United States, 275 U.S. 192, 194, 48 S.Ct. 74, 72 L.Ed. 231.

On this appeal, defendant urges that from the face of the affidavit, it appears that the search warrant was not issued upon probable cause in that the affidavit did not allege facts on which a determination of the existence of probable cause could be legally made.

 It must be conceded the affidavit was inartistically drawn. It would seem that a treasury agent of even a limited amount of experience should have been able to draw an affidavit in such form that litigation of this kind would be avoided. Nevertheless, upon a consideration of the entire affidavit, we reach the conclusion that there was probable cause for believing the existence of the grounds on which the search warrant was issued.

Rea's affidavit stated that Mary Peoples, the owner and driver of the 1957 Ford which drove away from defendant's farm, informed him she had taken the 400 pounds of sugar to the Hall premises to leave it, but defendant told her to take it away as his place was too hot. Defendant argues this was merely hearsay, and not facts upon which a search warrant could be issued.

In a recent case the Supreme Court has sustained the validity of a search where the affidavit contained information which would be considered hearsay upon a trial. Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. In that case, the Court held that hearsay alone does not render the affidavit insufficient as long as there is a substantial basis for crediting the hearsay.

In the Jones case the Court said, 362 U.S. at page 270, 80 S.Ct. at page 735:

"We rejected the contention that an officer may act without a warrant only when his basis for acting would be competent evidence upon a trial' to prove defendant's guilt. Quoting from Brinegar v. United States, 338 U.S. 160, 172, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879, we said that such a contention 'goes much too far in confusing and disregarding the difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search * * *.'" The Court further stated, 362 U.S. at page 270, 80 S.Ct. at page 735: "What we have ruled in the case of an officer who acts without

a warrant, governs our decision here. If an officer may act upon probable cause without a warrant when the only incriminating evidence in his possession is hearsay, it would be incongruous to hold that such evidence presented in an affidavit is insufficient basis for a warrant."

The case which the Court was referring to in Jones is Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 333, 3 L.Ed.2d 327. There, the arrest was made without a warrant and the arresting officer acted upon information which woud be considered hearsay evidence if offered upon a trial. In Draper, the Court again quoted from Brinegar as follows: "In dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."

In Draper, the Court held that probable cause exists when the facts or circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.

Much of the Rea affidavit was based upon personal observation and not upon hearsay. He was one of the four agents who stopped the Peoples' automobile and found therein 400 pounds of sugar. He was one of the investigators who set up the surveillance near the Hall premises, and the affidavit states that the odors of fermenting mash came directly from the Hall house and buildings. The agent knew that under Title 26, § 5171 no person was permitted to use a still, boiler or other vessel for the purposes of distilling in any dwelling house or other shed or building connected with such a dwelling house.

We conclude there was sufficient evidence of probable cause to justify the issuance of the search warrant, and the District Court acted correctly and without error in refusing to quash the search warrant or to order the return of the property, and permitting the use of the evidence and information obtained by the search.

Affirmed.